IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

MOISES IBARRA-GONZALEZ,

Petitioner,

v.

INGRID MORALES, WARDEN,
INSTITUCION PONCE ADULTOS et al.,

Defendants.

CIVIL NO. 23-1575 (CVR)

**OPINION AND ORDER**

**INTRODUCTION**

On November 15, 2023, petitioner Moisés Ibarra-González ("Petitioner") filed a pro-se Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket No. 3). Then, the Court appointed the Federal Public Defender ("FPD") to represent Petitioner in the instant case. (Docket No. 6). On August 19, 2024, the FPD filed an Amended Petition on Petitioner's behalf. (Docket No. 31).[1]

Before the Court is the "Motion to Dismiss" filed by Respondents Ingrid Morales, Warden Institución Ponce Adultos, and Lourdes Gómez-Torres[2], Secretary of Justice, (collectively, "Respondents"). Respondents aver that, before a second or successive habeas petition may be filed in federal court, "the applicant [must] move in the appropriate court of appeals for an order authorizing the district court to consider the application." Because the present case involves a second or successive petition within the

---

[1] For purposes of clarity, the Court will refer to both petitions jointly as the "Petition."
[2] Former Secretary of Justice Domingo Emanuelli-Hernández was originally included as a defendant in this case. Pursuant to Fed.R.Civ.P. 25(d), he has been substituted automatically for the current Secretary of Justice, Lourdes Gómez-Torres.

meaning of 28 U.S.C. § 2244(b), and Petitioner has not obtained the requisite authorization from the Court of Appeals for the First Circuit ("First Circuit"), this Court is without jurisdiction to hear this matter, and it must either dismiss the second § 2254 petition outright or transfer it to the First Circuit to obtain the necessary authorization. In addition, Respondents assert that the second § 2254 Petition is time-barred, as it was filed outside the one-year statute of limitations governing federal habeas claims under the Antiterrorism and Effective Death Penalty Act ("AEDPA"). (Docket No. 43).

Petitioner opposed the "Motion to Dismiss" arguing the new sentence imposed in 2016, following Petitioner's resentencing constitutes an intervening judgment, thereby resetting the habeas framework and permitting a fresh challenge. Thus, Petitioner contends the petition now before the Court is not a second or successive unauthorized habeas petition nor is it time-barred. (Docket No. 47).

The undersigned referred the "Motion to Dismiss" to Magistrate Judge Marshal D. Morgan ("Magistrate Judge Morgan") for a Report and Recommendation ("R&R"). (Docket No. 53). Magistrate Judge Morgan then issued an R&R in which he recommended that the Petition be either dismissed or transferred to the First Circuit under 28 U.S.C. §§ 2244(b)(3)(A) and 1631 because the 2016 Judgment does not constitute an intervening judgment under the Magwood [3] line of cases. Thus, he concluded that the Petition now before the Court is an unauthorized successive petition. In addition, since the 2016 judgment does not qualify as an intervening judgment, the one-year statute of limitations was not reset by its entry and, accordingly, the limitations

---

[3] Magwood v. Patterson, 561 U.S. 320 (2010).

Moisés Ibarra-González v. Ingrid Morales, Warden Institución Ponce Adultos, et al.
Opinion and Order
Civil 23-1575 (CVR)
Page 3
_____

period has expired. As such, Magistrate Judge Morgan found that the Petition is untimely. (Docket No. 63). Petitioner then filed his Objections to the R&R. (Docket No. 66).

On September 26, 2025, the Court issued the following Order:

ORDER. Petitioner claims in his Opposition to the Motion to Dismiss (ECF No. 47, pp. 8-9) that: "Respondents fail to argue that Mr. Ibarra did not file the Amended Petition within one year of the conclusion of state post-conviction proceedings related to the 2016 resentencing. By failing to raise this issue, Respondents have waived any such claim. Moreover, Respondents offer no evidence or judicially noticeable documents to suggest that the Petition is untimely if the 2016 Judgment is treated as a new judgment. Thus, their argument rests entirely on the premise that the limitations period should be tethered to the finality of the 2003 Judgment.... Accordingly, the Amended Petition was filed well within the limitations period applicable to the 2016 Judgment, and Respondents' untimeliness argument must be rejected." These assertions were not addressed by Respondents in their Reply (ECF No. 52). A review of the docket shows that the Court does not have a complete record of the state judicial proceedings related to the 2016 resentencing. **Thus, to be able to address the timeliness issue, Respondents shall also discuss the above quoted portion in their motion to be filed on 9/29/2025, in compliance with the Order at ECF No. 69, and shall submit any relevant documents of the state post-conviction proceedings related to the 2016 resentencing in support of their position.**

(Docket No. 70, emphasis in original).

In compliance with said Order, Respondents addressed the timeliness issue and Petitioner's Objections to the R&R. (Docket No. 71).

For the reasons explained below, the Court finds that it does not have to decide whether the 2016 Judgment is a new intervening judgment that serves to reset the habeas clock to dispose of this case. After all, "courts should not rush to decide unsettled legal issues that can easily be avoided." Gray v. Cummings, 917 F.3d 1, 17-18 (1st Cir. 2019) (quoting United States v. González, 736 F.3d 40, 40 (1st Cir. 2013)). Even assuming arguendo that the 2016 Judgment is a new intervening judgment, and the Petition is not

a second or successive unauthorized petition as Petitioner alleges, without deciding the matter, the Court finds that the Petition is untimely. Thus, the Court adopts the portion of the R&R that recommends that the Petition be dismissed as untimely but calculating the habeas clock from the 2016 Judgment and not the 2003 Judgment. The remainder of the R&R is noted.

## ANALYSIS

The Court may refer dispositive motions to a Magistrate Judge for an R&R. See 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). Within fourteen days of receiving a copy of the R&R, "a party may serve and file specific written objections to the proposed findings and recommendations." Id. Upon filing of a timely objection, a party is entitled to a *de novo* determination of "those portions of the report or specified proposed findings or recommendations to which specific objection is made." Total Petroleum Puerto Rico Corp. v. Fonseca-Marrero, 2018 WL 6131777, at *1 (D.P.R. 2018) (quotation omitted); see also Ponsa-Rabell v. Santander Securities, LLC, 2020 WL 4219685, at *1 (D.P.R. 2022). Thus, the Court reviews *de novo* portions of an R&R to which a party objects. See 28 U.S.C. § 636(b)(1)(C); see also United States v. J.C.D., 861 F.3d 1, 6 (1st Cir. 2017). When performing this review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(a)(b)(1). Objections must "specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for the objection." Local Rule 72(d); see also Fed. R. Civ. P. 72(b)(2). However, the Court need not "consider frivolous, conclusive, or general objections." See Rodríguez-González v. Astrue, 854 F.Supp.2d 176, 178 (D.P.R. 2012). And if objections merely repeat arguments already made to the

magistrate judge, a *de novo* review is unwarranted, and the district judge will review those portions of the R&R for clear error. Id. Further, a party objecting to an R&R is not "entitled as of right to a *de novo* review by the [district] judge of an argument never raised" before the magistrate judge. See United States v. Rosado-Cancel, 917 F.3d 66, 69 (1st Cir. 2019).

The Court recognizes that Magistrate Judge Morgan had to analyze whether the 2016 Judgment was a new intervening judgment or not as it was referred to him for an R&R and he had to address all the grounds raised in the Motion to Dismiss. Magistrate Judge Morgan made a meticulous and well-founded analysis to reach his recommendation that the 2016 Judgment is not a new intervening judgment and, therefore, the instant Petition is a second or successive unauthorized habeas petition. However, after conducting a *de novo* review and considering that this is a complex matter of first impression in the First Circuit, and that the Petition can be disposed of as untimely under a clear legal principle without deciding the main issue considered by Magistrate Judge Morgan, the Court does not need to rule on his recommendation that the 2016 Judgment is not an intervening new judgment thus making the instant Petition a second unauthorized habeas petition. [4] Hence, the Court limits its *de novo* review to the portion of the R&R and the Objections that deal with the threshold issue of the timeliness of the Petition.[5]

---

[4] Sound judicial policy counsels against deciding complicated legal issues where a clear, principled, alternative basis for reaching the same result exists. TI Fed. Credit Union v. DelBonis, 72 F.3d 921, 927 (1st Cir. 1995).
[5] The time-bar issue is a threshold issue that must be addressed first because "it is sometimes permissible to grant a motion to dismiss based on an affirmative defense, such as the statute of limitations." Centro Médico del Turabo, Inc. v. Feliciano de Melecio, 406 F.3d 1,6 (1st Cir. 2005).

Case 3:23-cv-01575-CVR   Document 74   Filed 09/30/25   Page 6 of 11

Moisés Ibarra-González v. Ingrid Morales, Warden Institución Ponce Adultos, et al.
Opinion and Order
Civil 23-1575 (CVR)
Page 6
_____

### A. The Petition is time-barred.

The Court adopts the standard explained in the R&R as to the one-year statute of limitations applicable to federal habeas corpus petitions under AEDPA, as it is accurate. (Docket No. 63, p. 26).

In Petitioner's Opposition to the Motion to Dismiss, he argued that "Respondents fail to argue that Mr. Ibarra did not file the Amended Petition within one year of the conclusion of the state post-conviction proceedings related to the 2016 resentencing. By failing to raise this issue, Respondents have waived any such claim." (Docket No. 47, p. 9). However, Petitioner does not cite any case law or legal grounds in support of this conclusory proposition and, as such, he has not met his burden that the Petition is not time-barred.[6]

A review of the Motion to Dismiss shows that Respondents did raise the affirmative defense of time prescription by arguing that the Petition was time-barred albeit parting from the 2003 Judgment and not the 2016 Judgment. (Docket No. 43, pp. 18-19). The fact that Respondents used a different starting point to calculate the habeas clock from the 2003 Judgment instead than from the 2016 Judgment is not a waiver of the defense as Petitioner claims. In other words, a different starting point to calculate the statute of limitations under these circumstances does not equate to a waiver because the defense that the Petition was time-barred was indeed raised by Respondents in their Motion to Dismiss. "Once a defendant timely raises a limitations defense in his answer, the issue

---

[6] Once a defendant raises a statute of limitations defense, the plaintiff bears the burden of proving that his claim is not barred. Catrone v. Thoroughbred Racing Ass'n, 929 F.2d 881, 885 (1st Cir. 1991); Asociación de Suscripción Conjunta del Seguro de Responsabilidad Obligatorio v. Juarbe-Jiménez, 659 F.3d 42, 50, n. 10 (1st Cir. 2011).

Case 3:23-cv-01575-CVR   Document 74   Filed 09/30/25   Page 7 of 11

Moisés Ibarra-González v. Ingrid Morales, Warden Institución Ponce Adultos, et al.
Opinion and Order
Civil 23-1575 (CVR)
Page 7
_____

remains in the case until it is deleted from the pleadings or resolved by the court." McIntosh v. Antonino, 71 F.3d 29, 38 (1st Cir. 1995). Thus, regardless of when the one-year statute of limitations is counted from (the 2003 Judgment or the 2016 Judgment), the Petition at bar is untimely, as explained below.

Petitioner's Objections to the R&R address the statute of limitations briefly assuming that the Court was going to find that the 2016 Judgment is a new intervening judgment. To this effect, Petitioner asserts that "the one-year statutes of limitation period began running from that [2016] judgment (when the conviction and sentence became final) not in 2003 . . . So, if the 2016 judgment is new and intervening, as the overwhelming weight of authority establishes it must be, then Mr. Ibarra's petition, filed in 2023, would fall comfortably within the applicable limitations period calculated from that judgment. The Court should reject the R&R's contrary conclusion." (Docket No. 66, p.14).

Petitioner's assertion above quoted **assumes**, without any evidence in support thereof, that the Petition filed pro-se by Petitioner on November 15, 2023 (Docket No. 3) was timely because it "would fall comfortably within the applicable limitations period calculated from that [2016] judgment." (Docket No. 66, p. 14). This is the same speculative inference and unsupported argument that Petitioner previously included in his Opposition to the Motion to Dismiss (Docket No. 47, p. 9), that Magistrate Judge Morgan addressed and properly rejected in the R&R. (Docket No. 63, p. 27). The Court agrees with Magistrate Judge Morgan that Petitioner does not explain on what grounds he summarily presumes that the original Petition filed on November 15, 2023 was filed "well within" the limitations period applicable to the 2016 Judgment.

Case 3:23-cv-01575-CVR   Document 74   Filed 09/30/25   Page 8 of 11

Moisés Ibarra-González v. Ingrid Morales, Warden Institución Ponce Adultos, et al.
Opinion and Order
Civil 23-1575 (CVR)
Page 8
_____

Based on said succinct self-serving conclusion, the Court requested Respondents to address the timeliness issue in this case, along with the Petitioner's Objections to the R&R. (Docket No. 70). Respondents complied and explained that assuming arguendo, that the 2016 resentencing constitute a new judgment, the instant Petition is also time-barred. To this effect, Respondents explained the following:

> Petitioner was resentenced on April 7, 2016. See, Exhibit 1. 4 The Puerto Rico CFI resentenced him from life to a fixed number of years to benefit from work and study credits. He then sought reconsideration under Rules 192.1 and 185 of the Puerto Rico Criminal Code before the CFI, which was denied. Subsequently, Petitioner filed a Certiorari before the Puerto Rico Court of Appeals raising the following errors:
>
> 1) The Court of First Instance erred in applying the amendments of the 2004 and 2014 Penal Codes.
>
> 2) The Court of First Instance erred in imposing a sentence of ninety-nine (99) years in a second-degree murder, exceeding the maximum of the sentence established for the crime.
>
> 3) The Court of First Instance erred in violating the articles of the 1974 Puerto Rico Penal Code and the Commonwealth of Puerto Rico's laws.
>
> See Pueblo de Puerto Rico v. Ibarra-González, KLCE201601346 at Exhibit 2 at 2-3. 5 (Translation Ours).
>
> On October 24, 2016, the Court of Appeals entered a Resolution denying Petitioner's request for Certiorari. Id. at 4-6. Petitioner did not seek further review before the Puerto Rico Supreme Court. Accordingly, his 2016 Judgment became final on November 23, 2016. Petitioner claims that since he was resentenced in 2016, this reset the limitation period and therefore the Amended Petition is timely. (Docket No. 47, p. 9-10). However, Petitioner conveniently omits that the second judgment was rendered final on November 23, 2016, and is also time-barred. Therefore, even assuming that the 2016 resentencing restarted the one-year AEDPA clock, Petitioner had until November 23, 2017, to file his federal habeas petition pursuant to 28 U.S.C. §2244 (d)(1)(A). The instant amended petition was filed on November 15, 2023, (Docket No. 3)—six years after the limitations period expired. Therefore, the petition is untimely under any calculation. For these reasons, the Court should adopt the R&R's finding that the Amended Petition is untimely and dismiss it with prejudice.

(Docket No. 71, pp. 11-12).

Upon a *de novo* review at this stage of the proceedings considering the reliable information provided by Respondents (which is based on the entire file of the state judicial proceedings available to the Department of Justice of Puerto Rico[7]) and assuming arguendo in Petitioner's favor without deciding the matter that the 2016 Judgment constituted a new judgment that re-started the habeas clock, the Court concludes that Petitioner's petition is still time-barred.

After being resentenced on April 7, 2016 (Docket No. 71-1), Petitioner sought reconsideration under Rules 192.1 and 185 of the Puerto Rico Criminal Code before the Court of First Instance which were denied. Subsequently, Petitioner filed a certiorari before the Puerto Rico Court of Appeals. On October 24, 2016, the Court of Appeals entered a Resolution denying Petitioner's certiorari. (Docket No. 71-2). Petitioner did not seek further review from the Puerto Rico Supreme Court. (Docket No. 71, p. 12). Consequently, Petitioner's 2016 Judgment became final on November 23, 2016. Thus, he had until November 23, 2017 to file his habeas petition before this Court pursuant to 28 U.S.C. Sec. 2244(d)(1)(A). The Petition in this case was filed on November 15, 2023 (Docket No. 3), that is, almost six years after the one-year statute of limitations had expired. In sum, as properly argued by Respondents, the petition in this case is untimely under any calculation.

Finally, Petitioner has not proffered evidence showing that extraordinary circumstances prevented him from seeking federal post-conviction relief after the Court

---

[7] See Docket No. 71, footnote 4 at page 11.

Case 3:23-cv-01575-CVR   Document 74   Filed 09/30/25   Page 10 of 11

Moisés Ibarra-González v. Ingrid Morales, Warden Institución Ponce Adultos, et al.
Opinion and Order
Civil 23-1575 (CVR)
Page 10
_____

of Appeals entered the Resolution issued on October 24, 2016 and it became final. Therefore, Petitioner is not entitled to tolling of the limitations period for federal habeas relief.

As required by 28 U.S.C. § 636(b)(1)(C), upon an independent *de novo* review of the record and consideration of the exhaustive analysis contained in Magistrate Judge Morgan's R&R (Docket No. 63), Petitioner's objections to it (Docket No. 66), Respondents' Memorandum in Opposition (Docket No. 71), and having conducted its own research and analysis on the issues presented for the Court's consideration, the Court adopts the portion of the R&R related to the timeliness issue.  The other portions of the R&R are noted.

Accordingly, the Court concludes that Petitioner's Petition is untimely.

**B.     Certificate of appealability.**

The § 2254 Rules require the court to "issue or deny a certificate of appealability when it enters a final order adverse to the party." § 2254 Rule 11(a). Here, the grounds for dismissal are purely procedural, and not substantive.

When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a certificate of appealability should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.  Slack v. McDaniel, 529 U.S. 473, 484 (2000). Reasonable jurists would not find it debatable that the instant petition is time-barred. Thus, the Court declines to issue a certificate of appealability in this case.

Case 3:23-cv-01575-CVR   Document 74   Filed 09/30/25   Page 11 of 11

Moisés Ibarra-González v. Ingrid Morales, Warden Institución Ponce Adultos, et al.
Opinion and Order
Civil 23-1575 (CVR)
Page 11
_____

## CONCLUSION

For the foregoing reasons, Respondents' "Motion to Dismiss" is GRANTED (Docket No. 43) and Petitioner's Petition under 28 U.S.C. Sec. 2254 is DISMISSED WITH PREJUDICE.

Judgment shall be entered accordingly.[8]

IT IS SO ORDERED.

In San Juan, Puerto Rico, on this 30th day of September 2025.

                                        S/CAMILLE L. VELEZ-RIVE
                                        CAMILLE L. VELEZ RIVE
                                        UNITED STATES DISTRICT JUDGE

---

[8] Judgment will be entered after Respondents file the pending certified translations for the record to be complete. See Docket Nos. 72 and 73.